No. 26,955.

C. P. BOLMAR, *Appellee*, v. THE CITY OF TOPEKA et al., *Appellants*.

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS — *Vacation of Street — Injunction.* The proceedings considered, and *held*, vacation of a city street was erroneously enjoined.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed January 8, 1927. Reversed.

*Ralph T. O'Neill*, city attorney, *Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt*, all of Topeka, for the appellants.

*W. R. Hazen*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the owner of land lying outside a city to enjoin vacation of a street in the city. Injunction was granted, and the city appeals.

This is the third appearance in this court of litigation over a road which the district court has twice found is of little practical use as a road. (*Bolmar v. Shawnee County*, 109 Kan. 91, 197 Pac. 880; *Bolmar v. Shawnee County*, 114 Kan. 552, 220 Pac. 245.) To save making a synopsis, the reader is referred to the opinion in the second case, which contains a map of the road and the property affected. After the decision in the first case, the city of Topeka extended its boundary to the railroad right of way. After the decision in the second case, the city vacated the road.

Among the legally protected interests which collectively constituted Bolmar's property' with respect to his land, was privilege of ingress and egress by means of the road. This interest was not in fact affected by extension of the city limits. The street was still a means of access to the land, and the city merely acquired jurisdiction over it. Whatever the legal theory might be, vacation of the street in fact deprived Bolmar of his privilege, that is of property. The county could not vacate the road because Bolmar's special interest, although of little value, would be invaded, and the injury could not be redressed by action for damages, the statute having made no provision for suing the county. The road has now been regularly vacated by the city under statutory authority. Exercise of this authority creates liability on the part of the city for compen-

Eminent Domain, 20 C. J. pp. 701 n. 95, 840 n. 98, 1162 n. 22. Municipal Corporations, 28 Cyc. p. 840 n. 74.

sation to one who is deprived of property. Assessment and· payment of damages are not conditions precedent to closing the road so long as the injured person has an action for damages. In this instance, the court is able to declare, as a matter of law from the findings of fact, that action for damages is an adequate remedy, and that injunction should not be allowed.

The city cites some authorities to the effect that a landowner whose land lies outside a city has no direct or substantial interest in the city streets. This court declines to prophesy that under no circumstances can a rural landowner have that peculiar special interest in a city street which would authorize him to complain of its vacation. The general subject of who may complain because a street is vacated is discussed in the case of *Heller v. A. T. & S. F. Rld. Co.*, 28 Kan. 625:

"Only when the injury is direct, when the individual suffers some special wrong, something different from that experienced by other members of the community, may the party injured challenge the action. It is not always easy to draw the dividing line between those cases in which the injury is direct and special, and those in which it is indirect and general. No one would for a moment suppose in the case·at bar that a citizen of Lawrence, owning no property in Topeka, could challenge this action, whether right or wrong. It is a matter which does not concern him. Equally plain is it, that one in the remote part of the city of Topeka has no such interest as justifies his interference; but as we come closer to the vacated streets the question becomes more doubtful. Where a party· owns a lot which abuts on that portion of the street vacated so that access to the lot is shut off, it is clear that the lot owner is directly injured, and may properly challenge the action. The closing up of .access to· the lot is the direct result of the vacating of the street, and he, by the loss of access to his lot, suffers an injury which is not common to· the public; but in the case at bar, access to plaintiff's lots is in no manner interfered with. The full width of the street in front and on the side is free and undisturbed, and the only real complaint is, that by the vacating of the street away from her lots the course of travel is changed." (p. 628.)

In the case of *City of Belleville v. Hallowell,* 41 Kan. 192, 21 Pac. 105, the commissioner who wrote the opinion said that only the owners of land abutting on "the alley" could claim damages for closing it (p. 195), and cited the Heller case. · Reference to the Heller case shows the statement was not intended as an announcement of a rule of law generally applicable, and the statement meant no more than that, in the case then under decision, the only property owners who had the direct and special interest which warrants claim for damages, were in fact abutting owners. The result is, the question

whether a rural landowner may claim damages for vacation of a city street is not to be determined in advance as a matter of law, but should be left open to be determined as a matter of fact according to circumstances.

The judgment of the district court is reversed, and the cause is remanded with directions to the district court to deny the injunction.

MARSHALL, J., dissenting.

HARVEY and HOPKINS, JJ., concur in the judgment.