No. 29,322.

J. C. KINNEY, MARY S. EWING et al., *Appellants*, v. THE RENO COMMUNITY HIGH SCHOOL and THE CITY OF NICKERSON, in Reno County, *Appellees*.

(287 Pac. 258.)

Opinion filed May 3, 1930.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey*, all of Hutchinson, for the appellants.

*E. T. Foote*, of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOCHEMS, J.: Plaintiffs brought an action to set aside and hold void an ordinance of the city of Nickerson, vacating Kinney street in that city and to enjoin the defendants from fencing in a portion of the vacated street, or in any manner interfering with the free use thereof by the public. Judgment was entered for the defendants, and plaintiffs appeal.

Plaintiffs claim that the ordinance vacating the street was null and void; that the vacation was for the exclusive benefit of the defendant high school and not for the benefit of the public at large. They further claim that the vacation of the street would unlawfully deprive them of access to their lots situated in Kinney's second addition.

We will discuss the claims of plaintiffs in their order.

Was the ordinance void? It is claimed by plaintiffs that inas-

much as there was no resolution declaring that the governing body deemed it necessary to vacate the street, and the ordinance itself did not state that the council deemed such action necessary, the ordinance was void. No resolution was adopted. The ordinance did not set forth any declaration of necessity or expediency. It was a short enactment declaring—

"SECTION 1. That Kinney street in Kinney's addition to the city of Nickerson, Kansas, be and the same is hereby vacated."

The trial court in rendering its opinion said:

"The passage of the ordinance is equivalent to declaring the necessity and expediency, and in my opinion it is not necessary that any preceding resolution or action be taken by the council, and such ordinance is a valid ordinance."

The ruling is correct. The city acted under R. S. 14-423, which reads:

"The council shall have power to open, widen, extend or otherwise improve any street, avenue, alley or lane, and also to vacate or discontinue the same whenever deemed necessary or expedient. . . ."

The statute does not require a declaration of necessity, either by resolution or in the ordinance itself. From the passage of the ordinance the necessity or expediency is implied and will be presumed in the absence of evidence to the contrary. (43 C. J. 526, § 808.) In *State, ex rel., v. City of Atchison*, 92 Kan. 431, 140 Pac. 873, the syllabus reads:

"Where an ordinance which has been regularly passed by a city council and approved by the mayor is offered in evidence, and the validity of such ordinance depends upon the existence of one or more facts at the time of the enactment thereof, the existence, and not the nonexistence, of the necessary facts to sustain the validity of the ordinance should be presumed in the absence of evidence to the contrary."

In 2 McQuillan on Municipal Corporations, p. 1480, § 680, it is said:

"It is of the nature of legislative bodies to judge of the exigency upon which their laws are founded; and when they speak, their judgment is implied in the law itself."

The plaintiffs did not introduce any evidence showing a lack of necessity, but claim that since defendants did not see fit to stand upon the ordinance but went ahead and introduced evidence, plaintiffs are entitled to benefit by the weakness of the showing made by the defendants. True, the trial court found:

". . . Nor was there any evidence introduced to show that the council had deemed it necessary or expedient other than the ordinance itself."

But the court did not find, on the other hand, that any evidence was introduced showing that in fact the action was unnecessary and inexpedient. Neither can we so find from the record.

The second claim of plaintiffs is that the vacation was for the sole benefit of the high school and not for the benefit of the public at large. In 13 R. C. L. 69, 70, it is said:

"The question of the necessity of closing a street or highway, as distinguished from the question of public purpose or use, belongs exclusively to the legislative department of the government. So where the power exists in a municipality, it is for the municipal authorities to determine when it shall be exercised, and their action in this regard will not be reviewed by the courts in the absence of fraud, or a manifest abuse of discretion. The court cannot control or revise such decision on the ground of inexpediency, injustice or impropriety. Nor will it inquire into the motives of the tribunal to which the matter is committed where there is no allegation of fraud, or unless it is manifest that a flagrant wrong has been perpetrated upon the public and valuable rights have been surrendered ostensibly for the public good, but really for the benefit of private individuals. . . . The presumption is that a street or highway was vacated in the interest of the public and that its vacation was necessary for public purposes, and the burden of showing to the contrary will be put upon the persons who object to the proceeding."

The matter is further discussed in 43 C. J. p. 297, § 312:

"As a general rule the motive of the governing body of a municipal corporation in passing an ordinance or regulation does not affect its validity. It is generally held that courts cannot inquire into the motives of members of a municipal council or other municipal governing body for the purpose of determining the validity of ordinances or regulations enacted by them in the exercise of their powers. Some courts in stating the rule have qualified it in various language, as for instance, that the legislative motive will not be considered except as it may be disclosed on the face of the ordinance or regulation, or inferable from its operation and effect."

Again in 3 McQuillan on Municipal Corporations, p. 2990, § 1403, it is said:

"The true rule seems to be that a municipality cannot vacate a street or a part thereof for the sole purpose of benefiting an abutting owner, and that the power to vacate streets cannot be exercised in an arbitrary manner, without regard to the interest and convenience of the public or individual rights; but that the municipality may vacate a street on the petition of an abutter for his benefit where the vacation is also for the benefit of the municipality at large, i. e., where the use to which the vacated part of the street is to be put is of more benefit to the community than the retention of such land as a way for a street."

Such evidence as was introduced showed that the street was unused; that some of the witnesses didn't know there was a street there until they went there and hunted it out after this trouble arose. The plat attached to the abstract of record shows that at its west end the street becomes what is commonly termed a "blind" street. It stops there and does not intersect or connect with any other street at that end. The street adjoins the athletic field of the high school on the south side thereof. By the vacation of the street the high school is enabled to extend its field to the middle of the street. It can place a proper fence there and prevent automobiles from parking there, or the congregation of spectators from watching the games without paying an admission fee when one is charged. The general public in the community is vitally interested in the successful conduct and the welfare of the defendant high school. It is manifest that the vacation of the street is of benefit to the public.

The last point made by plaintiffs is that it deprives them of access to their lots. All of plaintiffs' lots front on Elrose avenue. It is not closed. It connects at its south end with Marshall street. Marshall street opens into a public highway, a section line. Each of these streets is only one block long. So from lot 7, which would be the farthest point away from the highway, plaintiffs would have a distance of two blocks to the highway as against one block if the street were not vacated. The answer to this complaint of plaintiffs, however, is that made by the trial court, viz., that they have their remedy at law by way of an action for damages. (See *Bolmar v. City of Topeka*, 122 Kan. 272, 252 Pac. 229.)

We find no error in the record, and the trial court properly denied the injunction.

The judgment is affirmed.