No. 44,318

ROBERT B. GORRILL and BILLIE L. GORRILL, *Appellees* and *Cross-Appellants,* v. CITY OF LAWRENCE, KANSAS, a Municipal Corporation, *Appellant* and *Cross-Appellee.*

(411 P. 2d 704)

Opinion filed March 5, 1966.

*John W. Brand, Jr.,* of Lawrence, argued the cause and was on the brief for the appellant and cross-appellee.

*Bryon E. Springer,* of Lawrence, argued the cause, and *Chas. A. Springer,* of Lawrence, was with him on the brief for the appellees and cross-appellants.

The opinion of the court was delivered by

PRICE, J.: This is an action by adjacent property owners to enjoin the city of Lawrence from narrowing, vacating or otherwise reducing the present paved width of a street.

The trial court held that the city should be enjoined until such time as it acquired the interest of the plaintiffs therein by purchase or through appropriate eminent domain proceedings.

Both sides have appealed.

The facts material for disposition of the case are not in dispute.

Iowa Street is a principal north-south street in the west part of Lawrence. Because of its location, its connection with the Kansas Turnpike, and its designation as a federal highway—traffic is very heavy. Highland Drive is a north-south street one block east of Iowa. They are connected by Ninth Street, an east-west street, which, between Iowa and Highland, is paved to a width of 31 feet. A traffic problem was created because of the existence of a shopping

center on the west side of Iowa which blocked the extension of Ninth straight across and on west of Iowa from the point where Ninth enters Iowa from the east, as a result of which the extension of Ninth to the west of Iowa was constructed at a point approximately 130 feet north of the point where Ninth enters Iowa from the east. In other words, west bound traffic on Ninth must turn north on Iowa and go about 130 feet and then make a left turn in order to proceed west on Ninth—and of course just the reverse is true of traffic approaching Iowa from the west on Ninth desiring to continue east on Ninth.

Plaintiffs own the lots just east of Iowa on the south side of Ninth, and a gas service station is located thereon. The APCO Oil Company owns the lots just east of Iowa on the north side of Ninth, and operates a gas service station thereon.

In order to promote the public safety and to eliminate the serious traffic hazard created by the "jog" in Ninth, the city, through appropriate resolutions and ordinances, proposed to reroute Ninth from its intersection with Highland so that it would angle to the north and west and intersect the east side of Iowa directly across from the extension of Ninth west of Iowa. The proposal also included control of the new intersection of Ninth and Iowa by traffic lights, to narrow the width of Ninth to 17 feet from Iowa to Highland by moving the north curb line of Ninth to the south a sufficient distance to accomplish the same, and to make such narrowed portion of Ninth a one-way street east. The plan was submitted to and approved by the traffic and safety department of the State Highway Commission.

Plaintiffs brought this action alleging that defendant city had entered into an unlawful agreement with the APCO Oil Company concerning the proposed change in the street, that the city had no power to enter into an agreement with a private individual or corporation to narrow or vacate a public street for a consideration; that it had no power to narrow or vacate a public street for the benefit of a private individual or corporation; that it had no power to narrow a street, and that it had no power to narrow or vacate a public street where such narrowing or vacation will cause irreparable damage to an abutting landowner. The prayer was that the city be enjoined from narrowing, vacating or otherwise reducing the present paved width of Ninth Street between Iowa Street and Highland Drive, and for such other relief as may be just and equitable.

The answer denied generally, and alleged that the ordinances in question were passed to remove a traffic hazard and that such action by the city was taken in the public interest and was a legitimate exercise of its police power.

The reply denied generally, and prayed that the particular ordinances in question be declared null and void and that the city be enjoined from carrying out the proposal, and asked for the full relief prayed for in the petition.

Following a full hearing the trial court filed a detailed memorandum in the nature of findings of fact and conclusions of law.

Conclusion No. 1 was that if the entire width of the pavement on Ninth between Iowa and Highland were to be vacated it would revert to plaintiffs and APCO each to the center of the right-of-way upon which such pavement was laid, but that each of said abutting owners had a vested interest in the entire width of Ninth and each had the right to use such full width as a means of access to and from the property of each.

Conclusion No. 2 was that although the city had the right to narrow Ninth by the vacation of the contemplated portion of its width on the north side thereof, such right may not be exercised and plaintiffs' interest therein could not be taken until the same shall have been acquired by the city by purchase or through appropriate eminent domain proceedings, and until such right was so acquired the city should be enjoined.

Conclusion No. 3 was that the city, through its police power and without compensation to the owners of the property abutting thereon, may make a one-way street out of the portion of Ninth between Iowa and Highland and may eliminate the right turn lane which was added in 1961 to the pavement which prior thereto had a width of 31 feet.

The journal entry of judgment closed with the following:

"It Is Therefore Considered, Ordered, Adjudged and Decreed that the Defendant be and is hereby enjoined from narrowing 9th Street between Iowa Street and Highland Drive in the City of Lawrence, Kansas, until such time as the Defendant shall acquire the vested interest of the Plaintiffs therein taken by purchase or through appropriate eminent domain proceedings; except that the Defendant may make said portion of 9th Street a one-way street, remove the right turn lane on the north side thereof and narrow 9th Street where one-way eastbound traffic will exit into the intersection of rerouted 9th Street and Highland Drive in order to prevent westbound traffic from entering such eastbound one-way traffic street without compensating Plaintiffs therefor."

The city appeals from that portion of the judgment enjoining it from proceeding with the improvement.

Plaintiffs cross-appeal from that part of the judgment holding that the city has the power and right to narrow Ninth Street between Iowa Street and Highland Drive.

Despite the various contentions made we believe there are only two questions in the case.

The first is whether the city has the power and authority to carry out the proposal heretofore described, and secondly, if it does—whether it must acquire the interest of plaintiffs in the street by purchase or condemnation before proceeding with the improvement.

Plaintiffs argue there is no express statutory authority for a city to narrow a street; that the power given to vacate a portion of a street refers to a portion of its length rather than to a portion of its width; that the city does not have the right to narrow the street by vacation of part of its width when such vacation results in damage to an abutting landowner; that if the city were to vacate any portion of Ninth Street the portion so vacated would revert solely to plaintiffs; that because the city entered into an improper agreement with APCO it should not be permitted to narrow or vacate the street in question, and that if it should be found the city does have the power and right to narrow Ninth Street it should be enjoined from so doing until such time as plaintiffs' interest in the street is acquired through purchase or appropriate eminent domain proceedings.

The city of course contends that it has the power to narrow or reduce the paved portion of Ninth Street in carrying out the proposed improvement, that if plaintiffs are in any way damaged thereby their remedy is an action for damages, and that it was erroneously enjoined from going ahead until plaintiffs' interest in the street, if any, was acquired through purchase or condemnation.

K. S. A. 13-401 provides that the governing body of a city of the first class—

". . . shall have power to enact ordinances for all the purposes named and provided for in this article. . . ."

K. S. A. 13-443 authorizes and empowers a city of the first class—

"To open, widen, extend or otherwise improve any street, avenue, alley or lane, and also to vacate and close any street, avenue, alley or lane or portion thereof: *Provided,* That before the governing body shall open, widen or extend

any street, avenue, alley or lane it shall proceed to condemn or acquire by purchase or gift the necessary lands as provided by law."

Here the city is not opening, widening or extending the street—in which case the statute says that before so doing it shall acquire the necessary land by condemnation, purchase or gift. It proposes to narrow, vacate or otherwise reduce the present paved width of the street. In 25 Am. Jur., Highways, § 118, at p. 416, it is said that the power to vacate streets is generally held to give a municipality power to vacate a part of a street, as, for example, to vacate a strip on each side of it for the purpose of narrowing it.

It is clear that the city has the power and authority to carry out the proposal in question and the trial court was correct in so concluding.

The court erred, however, in holding that the city should be enjoined from proceeding until it has acquired the interest of plaintiffs in the street through purchase or condemnation. Although strictly speaking, this is not a so-called "access" case, we note that the court relied somewhat on *Atkinson v. State Highway Commission*, 184 Kan. 658, 339 P. 2d 334, as authority for enjoining the city. In fairness to the trial court it should be stated that subsequent to its decision the rule of the *Atkinson* case was by this court overruled in *Brock v. State Highway Commission*, 195 Kan. 361, 404 P. 2d 934 (August 19, 1965). If, in the carrying out of the proposal in this case plaintiffs suffer any damage to their property, they have an adequate remedy at law—an action for damages. (See Syl. 2 of the *Brock* case, and *Bolmar v. City of Topeka*, 122 Kan. 272, 252 Pac. 229; *Kinney v. Reno Community High School*, 130 Kan. 610, 613, 287 Pac. 258).

We express no opinion on other matters touched on by the trial court in its decision and which are argued in the briefs—for we believe them to be outside the narrow issues presented by the case. The extent of our holding is (1) that the city is authorized and empowered to carry out the proposal in question and (2) if plaintiffs suffer any damage to their property their remedy is by an independent action for damages—rather than by injunction.

The judgment granting injunctive relief against the city is therefore reversed.