Charles BATES and Myrtle Bates,
Plaintiffs-Respondents,

v.

Henry A. MUELLER and Loretta Mueller,
Defendants-Appellants.

No. 32485.

St. Louis Court of Appeals.

Missouri.

March 21, 1967.

Schneider, Sumner, Hanlon & Boyle, James J. Raymond, Clayton, for defendants-appellants.

Lawrence O. Willbrand, and Bernard Susman, St. Louis, for plaintiffs-respondents.

WOLFE, Judge.

This is an action in equity whereby the the plaintiffs seek to enjoin the defendants from interfering with the construction of a fence. The fence which the plaintiffs

propose to construct is immediately to the rear of defendants' property on a strip of land shown by plats duly recorded to be a public alley. There was a judgment for the plaintiffs for the sum of $158.00 which represented the value of fences removed by the defendants and the court enjoined the defendants from interfering with the use by the plaintiffs, Charles and Myrtle Bates, of the ten foot strip of ground to the rear of plaintiffs' property and denied the defendants any right to use the land in question or to interfere with the plaintiffs' use of the platted alley. The defendants duly prosecuted their appeal.

The facts are that the plaintiffs, Bates and his wife, own Lot 38 which fronts on Pine Avenue in Columbus Park Subdivision in the City of Brentwood. The defendants own a lot in Moritz Place. According to plats introduced in evidence by plaintiffs the back line of their lot abuts upon and follows the line of an alley. The alley is ten feet in width. The back line of defendants' property also abuts on the opposite side of this alley. Thus it was agreed that according to the plats the two lots in question were separated in the rear by a ten foot strip platted as an alley.

The plat of Columbus Park Subdivision where plaintiffs' lot is located was duly recorded on April 13, 1909, with the Recorder of Deeds in St. Louis County. At that time the area in question was not in any incorporated town or village. The plat which is regular in all respects required by the statutes carries the statement: "The avenues and alleys shown on the above plat, and for better identification shown 'etched' on the above plat are hereby dedicated to public use forever." On December 15, 1919, the City of Brentwood was incorporated. It took in all of the area here in question. Since then the ten foot strip remains on the city records as an alley.

Plaintiff Bates testified that he had resided at 9002 Pine, which is the house number of his lot, for twenty-six years. No deeds were offered in evidence but the plat which he offered showed that his lot was 140 feet in depth to the alley. He said that the property owners on either side of him had each erected a fence along a line 150 feet from the front line of their lots. He said that during the twenty-six years he had lived there he and the adjoining owners used the ten feet at the rear of their property as a play area for their children, had planted shrubbery there and otherwise treated it as their own. There is a large tree on the ten foot strip and it was there when he moved in. The strip has not been used as an alley. Another resident of the area whose home is four houses west of respondents' testified that property owners to either side of her had erected fences along the rear 150 foot line and that she had erected a fence which took in the alley behind her property. The platted alley is not surfaced in any way and in its present condition is covered with dirt, grass, flowers, weeds, trees. In the fall of 1961 plaintiffs erected a fence enclosing the ten foot strip within their property. It consisted of cedar posts with 2x4 stringers and wire. Mr. Mueller, one of the defendants, removed the fence. The plaintiffs then replaced it in 1964 with a chain link fence which Mr. Mueller removed several months later. At that time Mueller declared he would tear down any fence built by the respondents and this suit for an injunction against Mueller and his wife then followed.

■ The appellants here suggest that this appeal may have been directed to the wrong court in that title to real estate is involved and that the Supreme Court may have jurisdiction of the appeal under V.A. M.S., Const. art. 5, § 3. It appears, however, that jurisdiction rests in this court as the purpose of the action was to enjoin the defendants from interfering with plaintiffs' private use of the alley. The fact that it may have been necessary for the trial court to determine the existence or ownership of the alley were issues only collateral to the plaintiffs' alleged right to prevent interference of his attempted use of the alley. This appeal consequently does not involve

title to real estate within the meaning of the constitution. Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721; Judge v. Durham, Mo., 274 S.W.2d 247.

■ The facts are not in dispute and the basic issue for decision is a question of plaintiffs' right to erect the fence, free from interference by the defendants. If the ten foot strip is a public alley, the defendants, whose line abuts upon it, have as much right to use it as the plaintiffs and the plaintiffs have no right to fence it in. The Missouri Supreme Court stated in City of St. Louis v. Clegg, 289 Mo. 321, 233 S.W. 1, l. c. 3, 17 A.L.R. 1242, that when the owner of land " * * * conveys the lots according to a plan which shows them to be on the streets, he must be held to have stamped upon them the character of public streets. Not only can the purchasers of lots abutting on such streets thus assert their character, but all others. * * * " This was cited with approval in the more recent case of Weakley v. State Highway Commission, Mo., 364 S.W.2d 608.

■ We are left therefore with only one thing to determine, and that is the collateral issue of whether or not the strip in question is a public alley. If it is a public alley it must have become such by reason of the plats filed in 1909 when the subdivision was laid out. Chapter 142 of Revised Statutes of Missouri, 1899, set out the requisites for plats filed for recording and the plats here considered fully comply. In the same chapter, § 8959, it is provided: " * * * Such maps or plats of such cities, towns, villages and additions made, acknowledged, certified and recorded, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described or intended for public uses in such city, town or village, when incorporated, in trust and for the uses therein named, expressed or intended, and for no other use or purpose. *If such city, town or village shall not be incorporated, then the fee of such lands conveyed as aforesaid shall be vested in the proper county in like trust, and for the uses and*

*purposes aforesaid, and none other."* (Italics ours.) This same provision is now § 445.070, Sub-paragraph 3, V.A.M.S. It has been held that the words "city, town or village not incorporated," as used in the statute embrace within their meaning subdivisions platted for the sale of lots. Weakley v. State Highway Commission, Mo., 364 S.W.2d 608, supra. It is apparent that by virtue of § 8959, RSMo 1899, the County of St. Louis was vested with title to the ground platted as a public alley for its use as such. Weakley v. State Highway Commission, supra; Winschel v. St. Louis County, Mo., 352 S.W.2d 652; Duenke v. St. Louis County, 358 Mo. 91, 213 S.W.2d 492.

■ As stated, in 1919 the City of Brentwood was incorporated and the property of the parties to this action was taken into the city. It then assumed jurisdiction of the area including the streets platted and the alley became a public alley of the City of Brentwood. Weakley v. State Highway Commission, supra; Duckworth v. City of Springfield, 194 Mo.App. 51, 184 S.W. 476. The fact that there was a non-user by the public does not work an abandonment of it. Winschel v. St. Louis County, supra.

■ In defense of the court's decree the plaintiffs, who are respondents here, assert that even though the alley does in law exist equity should come to their aid. They overlook an important rule that " * * * no maxim of equity may be invoked to destroy an existing legal right, nor may equity purport to establish a right which does not exist. * * * " Milgram v. Jiffy Equipment Co., 362 Mo. 1194, 247 S.W.2d 668, l. c. 675, 30 A.L.R.2d 925. They are seeking to enforce a right that does not exist and therefore they are without standing either in law or in equity.

The judgment is reversed.

ANDERSON, P. J., and RUDDY, J., concur.