EDNA B. CAMPBELL ET AL v. LUTHER FORD ET AL

5-4605                                        428 S. W. 2d 262

Opinion delivered June 3, 1968

[Rehearing denied July 15, 1968.]

*Roy Mitchell,* for appellants.

*Wood, Chesnutt & Smith,* for appellees.

GEORGE ROSE SMITH, Justice. The appellants and the appellees are neighbors whose back yards abut opposite sides of Bray street in the city of Hot Springs. This suit was brought by Mr. and Mrs. Campbell to compel the appellee-defendants to remove encroachments that obstruct the street. The chancellor dismissed the complaint for want of equity, finding that the city council had not exercised its power to open the street for travel and that the Campbells had not proved that they have suffered special damages differing from those sustained by the general public. We hold the first finding

to be immaterial and the second to be against the weight of the proof.

That part of Bray now in dispute was platted, dedicated, and accepted by the city as a cul-de-sac, 30 feet wide, that runs south from Avery street for 207 feet, where it dead ends. The several appellees own the four houses on the west side of the street, all facing Mountain View street to the west. The Campbells own the southernmost two lots on the east side of Bray. Their house faces Campbell street on the east.

According to Campbell's testimony, Bray street was at least traversable until 12 or 15 years before the trial. Since then the owners of the four lots on the west side of Bray have encroached on the street and affected its grade. At the north end of the block an L-shaped latticework wall made of concrete blocks extends across the street from the Goslee lot and for some distance down the east side. (The appellee Goslee's house, the northernmost of the four, also encroaches on the street for six to eight feet, but the Campbells do not ask that it be removed.) Behind the next house, owned by the appellee Almstead, rocks have been pushed into the street to raise its grade and thereby fend off surface water. Farther south a stone wall extends east from one of the two Ford lots and obstructs the street to an extent not precisely shown by the testimony. Owing to the narrowness of Bray street it does not appear that the encroachments are off what will be the traveled part of the street, when opened.

Turning to the chancellor's first finding, we think it to be immaterial that the city has not seen fit to open and develop this part of Bray street. The city cannot divert a dedicated street to an unauthorized use, either public or private, to the special damage of abutting owners. That point was fully considered in *Osceola* v. *Haynie*, 147 Ark. 290, 227 S. W. 407 (1927), where we said:

"In the case of *Packet Co.* v. *Sorrels,* 50 Ark. 473, it was said that authorities of a town or city can not lawfully appropriate or divert a street to uses and purposes foreign to that for which it was dedicated; and that it is not within the power of the Legislature to authorize its appropriation to private use nor to public purposes except in the manner in which private property can be taken for the use of the public under the right of eminent domain. The city had no right to close the street. Upon the contrary, it was the duty of the city to keep the street open. C. & M. Digest, §§ 7570 and 7607; *Little Rock* v. *Jeuryens,* 133 Ark. 126.

"The plaintiffs here have shown a damage in addition to that sustained by the public. Their property has been damaged in value, and under numerous decisions of this court they are entitled to an injunction to remove the nuisance. *Dickinson* v. *Ark. City Imp. Co.,* 77 Ark. 570; *Matthews* v. *Bloodworth,* 111 Ark. 549; *Wellborn* v. *Davies,* 40 Ark. 83; *Packet Co.* v. *Sorrels,* 50 Ark. 474; *Texarkana* v. *Leach,* 66 Ark. 42; *Davies* v. *Epstein,* 77 Ark. 227; *Stoutemeyer* v. *Sharp,* 89 Ark. 177; *Draper* v. *Mackey,* 35 Ark. 497."

Needless to say, what the city cannot do directly by affirmative action it cannot do indirectly by passive inaction.

On this point the appellees argue that Bray street is so scarred by gullies running southward that the cost of making it even passable would be prohibitive. There are two pertinent comments to be made about that argument. First, no one contradicts Campbell's statement that the street was formerly used. Whatever gullies now exist appear to have been caused by the appellees' purprestures, which were intended to deflect the flow of surface water. The appellees cannot equitably profit by an obstacle of their own making.

Secondly, Campbell is not depending on the city council to develop the street. For several years he has had on hand a supply of drain tile to be used in the street. He testified that no additional fill would be needed. "With the amount of material that's already been put in there, a wall torn down, and a gentle slope from the north, it would make a very cozy street. It could be done in a half a day's time with a bulldozer." If, after the appellees have removed the encroachments, Campbell wishes to improve the street at his own expense, we know of no rule of law to prevent him from doing so, as long as he does not alter the original grade of the street to the detriment of his neighbors.

Finally, we cannot sustain the chancellor's finding that the Campbells have not sustained special damage entitling them to relief. The great weight of the proof is the other way round. Campbell testified that his lots would be worth 50 percent more if Bray street were opened up. Even the appellee Goslee, a real estate dealer who owns one of the lots on the west side of Bray, admitted on cross-examination that a back entrance to the Campbell property would add to its value.

Furthermore, the destruction of one means of access to a landowner's property meets the test of special damages. "The fact that appellant had other entrances to his lot would not keep him from suffering special and peculiar damages if his entrance by way of the alley in question were destroyed. The deprivation of any entrance to or exit from one's property is a special or peculiar damage to it not suffered by the public in general." *Langford* v. *Griffin,* 179 Ark. 574, 17 S. W. (2d) 296 (1929).

Reversed and remanded for the entry of a decree in harmony with this opinion.

HARRIS, C. J., and JONES, J., would affirm the decree.