## VILLAGE OF MEDFORD v. VERSUL WILSON AND ANOTHER.

230 N. W. 2d 458.

May 23, 1975—No. 44577.

---

[9] See, 35 Am. Jur. 2d, Fences, § 12; Restatement, Torts 2d, § 190.

*Ronald O. W. Ylitalo*, for appellants.
*John M. Smith*, for respondent.

Heard before Otis, Peterson, and MacLaughlin, JJ., and considered and decided by the court en banc.

PER CURIAM.

This appeal arises from an ejectment action by which the village of Medford has attempted to remove Versul and Clara Wilson, defendants, from a portion of First Street Southeast, a platted but unopened street that defendants have been occupying.

In 1859, a plat of an addition to the village of Medford was recorded, dedicating the streets and alleys located therein to public use. First Street Southeast (also known as Park Street) was dedicated but was never opened between Grove Street (a.k.a. First Avenue Southeast) and Ridge Street (a.k.a. Second Avenue Southeast).[1] Defendants have operated a junkyard in Medford for nearly a half century; the junkyard includes a portion of the platted, but unopened, street in question.

In August 1969 the Medford Village Council enacted an ordinance to open First Street Southeast between Grove Street and Ridge Street. In May 1972 the village council adopted a motion instructing the village attorney to commence an action of ejectment against defendants.

A district court trial was held, and the jury, by special verdict,

---

[1] The village had attempted to remove defendants from a portion of Ridge Street also, but the trial court denied relief on the ground the village had failed to sustain its burden of proof. This part of the court's order, of course, is not involved in this appeal.

found that the action of the village council in opening the street was arbitrary and unreasonable, and was prejudicial to defendants. The trial court granted the motion of the village for judgment n. o. v., and defendants appealed.

It is settled law in Minnesota that, when a street is dedicated by plat, a city may choose its own time to occupy, open, and use the street. Until the city does so, such property may be used by the abutting landowner. Such use is not regarded as hostile and will not operate as an abandonment of a public street by the city. Village of Newport v. Taylor, 225 Minn. 299, 30 N. W. 2d 588 (1948); City of Rochester v. North Side Corp. 211 Minn. 276, 1 N. W. 2d 361 (1941); Pierro v. City of Minneapolis, 139 Minn. 394, 166 N. W. 766 (1918); Minn. St. 541.01. See, also, Minn. St. 412.221, subd. 6.

It is undisputed that the case at bar involves a legally platted street. Defendants claim, however, that the 1969 ordinance enacted by the village of Medford to open the street was arbitrary and capricious and was therefore invalid.

We have held that the building of a public street encompasses a "public purpose." Borgelt v. City of Minneapolis, 271 Minn. 249, 135 N. W. 2d 438 (1965). As a general rule, the exercise of the powers of a municipality with respect to the making of public improvements designed to fulfill a public purpose rests in the discretion of the governing municipal authorities, in so far as the matter is not controlled by positive law. The discretion of the municipality is wide, and courts are not inclined to restrict the powers of municipalities over their streets and public ways. Rakowsky v. City of Duluth, 44 Minn. 188, 46 N. W. 338 (1890). See, also, 56 Am. Jur. 2d, Municipal Corporations, § 560; 10 McQuillin, Municipal Corporations (3 ed.), § 30.31; Headley v. City of Rochester, 272 N. Y. 197, 5 N. E. 2d 198 (1936); Town of Chouteau v. Blankenship, 194 Okla. 401, 152 P. 2d 379 (1944); City of Chicago v. Wilson, 195 Ill. 19, 62 N. E. 843 (1902).

In Diamond v. City of Mankato, 89 Minn. 48, 93 N. W. 911 (1903), we also reviewed a municipal ordinance directing the

paving of a platted street. We there said (89 Minn. 51, 93 N. W. 912):

"* * * The power to determine the question whether public necessity requires a particular improvement to be made without any petition therefor is committed by the charter, not to the courts, but to the sound discretion of the city council. And its decision in the premises is final, unless it is made to appear that its action is arbitrary or the result of fraud or of demonstrable mistake of fact. Rogers v. City of St. Paul, 22 Minn. 494; State v. District Court of Ramsey Co., 29 Minn. 62, 11 N. W. 133; State v. District Court of Ramsey Co., 33 Minn. 164, 22 N. W. 295; Janeway v. City of Duluth, 65 Minn. 292, 68 N. W. 24.

"Hence the question is not whether there was evidence fairly tending to support the finding that public necessity did not require the paving of the street in question, or whether the finding complained of is manifestly against the weight of the evidence. The question is, does the evidence clearly establish the fact that the city authorities, in ordering the improvement, acted arbitrarily or fraudulently * * * ?"

More recently, in Sun Oil Co. v. Village of New Hope, 300 Minn. 326, 220 N. W. 2d 256 (1974), we held that when legislative determinations made by municipalities are judicially reviewed, the scope of review must necessarily be narrow. The question of what best furthers public welfare is a matter primarily to be determined by the appropriate legislative body. Even where the reasonableness of such ordinances is debatable, or where there are conflicting opinions as to the desirability of the changes they bring about, it is not the function of the courts to interfere with legislative discretion on such issues.

Considerable testimony was offered at trial concerning the reasons and purposes justifying the opening of First Street. Based on this evidence the trial court concluded:

"[I]t is a fact supported by the evidence that the Village has adopted a street improvement plan for the Village, having in

mind the school which is within a few blocks of the junk yard, as well as a park, and the rerouting of traffic through the Village, and in the performance of its legislative function had determined to reopen this street north and south through the junk yard."

These findings have evidentiary support. It is not the function of this court to either resolve conflicting evidence or to assume the role of the council in weighing the appropriate policy considerations. Although the reasons given by the council may have been disputable in a legislative forum, it is clear that they are the proper sorts of considerations to support the council's action. As a result, the ordinance passed by the Medford Village Council was not arbitrary but was, rather, within the proper legislative discretion of the Medford Village Council.

Affirmed.