(582 P.2d 1155)
No. 49,084

JUSTIN D. HILL, JR. and BARBARA ANN HILL, *Appellants,* v. CITY OF LAWRENCE, KANSAS, A Municipal Corporation, VERNON L. BRANSON, JESSE M. BRANSON, WILLIAM J. GRIFFITH, SHIRLEY L. GRIFFITH, J. L. MALONEY, DOROTHY B. MALONEY, W. STITT ROBINSON, and CONSTANCE M. ROBINSON, *Appellees.*

Petition for review denied September 13, 1978.

Opinion filed July 28, 1978.

*Peter K. Curran,* of Petefish, Curran & Immel, of Lawrence, for appellants.

*Milton P. Allen,* of Allen & Cooley, of Lawrence; and *Richard L. Zinn,* of Barber, Emerson, Six, Springer & Zinn, of Lawrence, for appellees.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

FOTH, C.J.: Plaintiffs, Mr. and Mrs. Justin D. Hill, Jr., brought this action in mandamus to compel the governing body of the City of Lawrence to open a portion of Broadview Drive, a platted street which dead-ends, at their property line. Alternatively they prayed for a declaratory judgment that they are entitled to use the street in its unopened state for vehicular access to their property. Certain landowners residing on the unopened street intervened, opposing plaintiffs' position.

After a trial to the court the trial judge denied relief in mandamus and found plaintiffs had abandoned their prayer for a declaratory judgment. On plaintiffs' motion to alter or amend, in which they reasserted the second claim, the court adhered to its original decision on the mandamus count and, finding that their right to declaratory relief depended on the same factors that led to the denial of mandamus, denied declaratory relief as well. Plaintiffs have appealed.

Plaintiffs do not quarrel with the trial court's findings of historical fact. Rather, they take the position that they do not have access to their property through any legally enforceable route, and that the city is therefore bound to furnish it to them. We think this argument mistakes the nature of plaintiffs' first claim. In it, they sought by mandamus to compel the opening of a street. Mandamus lies only to compel the performance of a clear statutory duty. *E.g., Jackman v. Public Service Commission,* 121 Kan. 141, 146, 245 Pac. 1047 (1926); *State, ex. rel., v. Kearny County Comm'rs,* 146 Kan. 461, 463, 72 P.2d 67 (1937). It does not lie to control the exercise of discretion by a public official. *E.g., Bohan v. Sumner County Comm'rs,* 131 Kan. 87, 91, 289 Pac. 436 (1930); *National Mutual Casualty Co. v. Hobbs,* 149 Kan. 625, 633, 88 P.2d 1006 (1939).

Whether or not a street should be opened is a question entrusted to the discretion of the city's governing body:

"The legislature, as the representative of the public, has plenary power over streets and highways, and as a general rule, full discretion as to opening, improving and vacating the same. A city when authorized by act of the legislature is acting as an administrative arm of the legislature. (*Heller v. A. T. & S. F. Rld. Co.,* 28 Kan. 625; *Riddle v. State Highway Commission,* 184 Kan. 603, 611, 339

P.2d 301; *Gorrill v. City of Lawrence,* 196 Kan. 303, 411 P.2d 704; *Grantham v. City of Topeka,* 196 Kan. 393, 411 P.2d 634.)" (*Eastborough Corporation, Inc., v. City of Eastborough,* 201 Kan. 491, 494-495, 441 P.2d 891 [1968].)

In *Eastborough,* the court said it would determine whether the action of the city governing body was "reasonable." At the same time it explicitly cast its scope of review in the mold of the traditional attitude of courts toward legislative bodies, saying:

". . . In determining the reasonableness of the action a court may not substitute its judgment for that of the governing body and should not declare the action unreasonable unless clearly compelled to do so by the evidence. . . ." (*Id.* at 495.)

Since the question of opening streets is a matter of the city's legislative discretion, its decision cannot be said to be "unreasonable" unless it amounted to an abuse of discretion.

The authorities stress one major controlling factor in determining whether a street should be opened, *i.e.,* the public use and not any private benefit. See, *e.g., City of Jefferson v. Eiffler,* 16 Wis. 2d 123, 113 N.W.2d 834, 839 (1962); *Aro Investment Company v. City of Omaha,* 179 Neb. 569, 139 N.W.2d 349, 352 (1966); *Tott v. Sioux City,* 155 N.W.2d 502 (Ia. 1968): and 39 Am. Jur. 2d, *Highways, Streets, and Bridges,* § 66, p. 453.

In this case the trial court concurred in the city's finding that there would be no public benefit from opening the street in question, and that the primary and almost sole benefit would be to plaintiffs. Plaintiffs introduced no evidence which would require a judicial finding of public benefit, and the trial court correctly found that they had not overcome the presumption in favor of the reasonableness of the city's action. Mandamus was therefore properly denied.

The claim for declaratory relief, however, presents an entirely different question. The city and the intervenors proceed on the supposition that this claim is duplicative of the mandamus claim, *i.e.,* that it looks to the opening of the street. They quite correctly point out that declaratory relief is ordinarily not available where the same issue can be determined in an ordinary action, and particularly where such an action is already pending. *Hudson v. Travelers Ins. Co.,* 145 Kan. 732, 739, 67 P.2d 593 (1937); *Pugh v. City of Topeka,* 151 Kan. 327, Syl. 3, 99 P.2d 862 (1940). The trial court adopted this view when it denied declaratory relief on the motion to alter or amend.

Here, however, the claim for declaratory relief did not involve the opening of the street as did the mandamus claim, but went to plaintiffs' right as abutting landowners to use the street in its unopened state. As the trial court found, two of the intervenors had laid a 110-foot strip of gravel along the unopened portion of Broadview Drive and were using it as a means of ingress and egress from their property. Plaintiffs sought permission first from the intervenors and then from the city to extend this gravel roadway an additional sixty feet to their property line. Both the intervenors and the city denied permission. In their request for declaratory judgment, plaintiffs ask for a ruling that they are entitled to use the unopened portion of Broadview Drive for vehicular access to their property—not that the city must open the street for them. Since the declaratory judgment issue was not involved in the mandamus claim, the rule of *Hudson v. Travelers Ins. Co.* and *Pugh v. City of Topeka,* supra, is not applicable.

The question of whether an abutting landowner has the right to use a dedicated but unopened street appears to be one of first impression in this jurisdiction. The city cites no authority supporting its right to prevent the use, while several cases from other jurisdictions suggest that an abutting landowner has the right to such use, at least where the use made does not interfere with use by others.

In *Village of Medford v. Wilson,* 304 Minn. 250, 230 N.W.2d 458 (1975), for example, the Minnesota Supreme Court held that a village decision to open a legally platted street was not an abuse of discretion and that judgment ejecting operators of a junkyard from a portion of the street was proper. The court observed, however, that an abutting landowner has the right to use a dedicated but unopened street until the city decides to open it.

In *Bates v. Mueller,* 413 S.W.2d 853 (Mo. 1967), the court held that parties abutting an unopened platted alley were not entitled to fence it because all of the parties abutting the unopened alley had an equal right to use it.

In *Dykes v. City of Houston,* 406 S.W.2d 176 (Tex. 1966), the Texas Supreme Court held that an abutting landowner was entitled to an injunction requiring the city to remove a barricade blocking his use of a dedicated but unopened street. The court stated that "as a matter of common law the landowner had the right to improve the street" (p. 183) for his own use.

In *Prosch v. City of LaGrande,* 14 Ore. App. 546, 514 P.2d 351 (1973), the court held that the fact that an abutting landowner made repairs to a dedicated street and that the city on two occasions added fill material and placed "road closed" and "caution" signs on the street did not establish that the city had opened the street for public use or obligated the city to repair the street. The court stated, however, that an abutting property owner has a special right of access and may make improvements to the road not inconsistent with the public's right to use.

Finally, in *Campbell v. Ford,* 244 Ark. 1141, 428 S.W.2d 262 (1968), the Arkansas court held that landowners abutting a platted but unopened street suffered special damages different from the general public where the street was blocked by other abutting landowners with the acquiescence of the city, and that plaintiffs were entitled to bring an action to compel the removal of the obstructions. In that case the court stated:

"[W]e think it to be immaterial that the city has not seen fit to open and develop this part of Bray Street. The city cannot divert a dedicated street to an unauthorized use, either public or private, to the special damage of abutting owners. . . . (p. 1142.)

If after the appellees have removed the encroachments, [appellant] wishes to improve the street at his own expense, we know of no rule of law to prevent him from doing so, as long as he does not alter the original grade of the street to the detriment of his neighbors." (p. 1144.)

We may concede the city's right to regulate or even close to use an unopened street in the interest of public safety and in the exercise of its police power. However, in this case the city denied plaintiffs' request to use the unopened portion of Broadview Drive while acquiescing in the same kind of use by at least two of the intervenors. The city offered four reasons for the denial of plaintiffs' request: (1) the proposed roadway was not in compliance with city standards for street improvements, (2) no public benefit would be derived from allowing plaintiff to construct the extension since it would have no outlet to the north to a public road, (3) landowners residing on or near the unopened street opposed the request, and (4) plaintiffs had permissive access to a public street by way of another drive.

In our view, none of the four justify the disparate treatment of the plaintiffs. The extension proposed by plaintiff was to be of the same quality and type as that maintained by the intervenors with city approval, and that extension likewise had no outlet to the

north. The mere fact that some landowners (the intervenors) wanted exclusive use of the unopened street, of course, does not justify denial of plaintiffs' request. While the city has broad authority to regulate the use of public streets, it may not exercise its authority in a manner that unjustly discriminates between individuals. See, 39 Am. Jur. 2d *Highways, Streets, and Bridges,* §§ 210 and 223. Finally, while the court found that plaintiffs had permission to use a private driveway over land owned by other members of the Hill family, giving them access to a public road, it was agreed by all that a separate lawsuit would be necessary to establish their legal right to use that route, and the outcome of such a suit is not clear cut.

In our view none of the reasons offered by the city are sufficient to deny plaintiffs the requested use of the street while identical use by other abutting landowners is permitted, and plaintiffs are entitled to a declaratory judgment to that effect.

The judgment is affirmed as to the mandamus count, reversed as to the declaratory judgment count.