Harold MITCHELL & Judy Mitchell, Mary Hargis & Ron Hargis, Plaintiffs-Appellants,

v.

CITY OF EVERTON, as an unincorporated association, by representative Paul Knackstedt, or In the Alternative, City of Everton and Everton Senior Citizens' Housing, Inc., Defendants-Respondents.

No. 13044.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 4, 1983.

Fred C. Moon, Moon & Moon Law Offices, Springfield, for plaintiffs-appellants.

Robert L. Payne, Greenfield, for defendant-respondent City of Everton.

David R. Fielder, Fielder, Jones, Conklin & Skinner, Springfield, for defendant-respondent Everton Sr. Citizens' Housing, Inc.

PREWITT, Judge.

The questions presented are (1) whether the evidence properly established that Everton, Missouri legally exists as an incorporated city; (2) if a street purporting to be along plaintiffs' property was properly dedicated and became a public road; and (3) if it became a public street, is it no longer such because of nonuse or abandonment.

Plaintiffs filed a three-count petition. In Count I they sought a declaratory judgment "that the alleged City of Everton is an unincorporated association and not organized as a city under any laws or statutes of the State of Missouri;" and that a street between lots owned by them in J.G. Wilson's Addition "has been abandoned and vacated". Plaintiffs also sought in that count to have title to the real estate that would be the street quieted in them. Count II was filed in the alternative "in the event that the Defendant Everton is declared to be a fourth class city". It sought, among other relief, that the court declare that the city has vacated and abandoned its right to use the street. Count III, "[i]n the alternative to Count I, but in addition to the relief prayed in Count II", sought, among other relief, an injunction against the city and Everton Senior Citizens' Housing, Inc. to prevent them from "commencing or completing the alleged street on the real estate owned by Plaintiffs".

Defendant Everton answered by alleging "that Everton is a fourth class city duly organized under the law of the State of Missouri", and denying all other material allegations of the petition. Defendant Everton Senior Citizens' Housing, Inc. denied all allegations in the petition. Following non-jury trial, the trial court found that the real property in dispute "is a public road within the incorporated fourth class City of Everton, Missouri" and denied plaintiffs all relief sought. Plaintiffs appeal.

■ Plaintiffs contend that the trial court erred in allowing defendant City of Everton to present evidence showing that it was a fourth class city after the parties had rested and plaintiffs' counsel had given his closing argument. It is in the discretion of the trial court to allow a party to reopen his case. *State ex rel. Williams v. Williams*, 609 S.W.2d 456, 460 (Mo.App.1980). No improper prejudice to plaintiffs in allowing the reopening has been shown and we find no abuse of discretion here.

■ Plaintiffs also contend that the trial court erred in admitting a document showing that defendant was incorporated in 1895 as a city of the fourth class because the mayor who identified it "was not the custodian of the records and did not testify that he was the custodian". Apparently acknowledging that the document could qualify as a business record under § 490.680, RSMo 1978, plaintiffs cite that section as requiring that the custodian of the document testify regarding it. That section is part of "The Uniform Business Records as Evidence Law". §§ 490.660–490.690, RSMo 1978. A city would be within the broad definition of business contained in § 490.-670, RSMo 1978. See Lauer, Business Records as Evidence in Missouri, 1964 Wash.U. L.Q. 24, 28; Missouri Sources of Proof, 2d Ed. Mo.Bar CLE (1977), § 4.3.

■ Section 490.680 requires that the person who testifies about a record be its "custodian or other qualified witness". There is considerable discretion in the trial court with regard to the qualifications of a noncustodial "qualified witness". *State v. Jones*, 518 S.W.2d 322, 325 (Mo.App.1975). See also, Lauer, supra, 1964 Wash.U.L.Q. at 39. There was no abuse of discretion in

allowing the mayor to identify the document.

■ We hold that it was sufficiently proven that there is a city of Everton, incorporated as a fourth class city, and in the remainder of the opinion consider that fact as established.

We next discuss plaintiffs' contention that there was no evidence of a valid dedication because defendants did not offer into evidence a plat or survey of J.G. Wilson's Addition certified by a surveyor. Relying upon §§ 445.070 and 446.350, RSMo 1978, plaintiffs contend that to be valid and admissible the plat of the addition must be certified by a surveyor.

It was stipulated by the parties that "the whole abstract" to plaintiffs Mitchell's property would be admitted into evidence. That abstract contained what purported to be a copy of a plat of J.G. Wilson's Addition recorded in 1891. It showed the property in question as a street and recited that the streets shown on the plat were "reserved for public use and intended for streets and alleys by their boundaries, course & extent".

■ Having stipulated that the entire abstract could be admitted into evidence, the plaintiffs are in a poor position to contend that the copy of the plat which is a part of it cannot be considered. In any event, the plat sufficiently complied with Chapter 445, at least with the aid of an act "Legalizing" plats "not properly executed" which have been recorded for ten years. 1921 Mo.Laws 557 (now, with modifications, § 445.060, RSMo 1978).

■ The plat was recorded before the incorporation of Everton and thus the street was originally dedicated to, and vested in, Dade County. *Willy v. Lieurance,* 619 S.W.2d 866, 870 (Mo.App.1981); *Bates v. Mueller,* 413 S.W.2d 853, 855 (Mo.App. 1967). See also present § 445.070.3, RSMo 1978. It is immaterial whether the county ever accepted the dedication. *Willy v. Lieurance,* supra, 619 S.W.2d at 871.

■ When Everton was incorporated, the city assumed jurisdiction of the street and it became a public street of the city of Everton. *Bates v. Mueller,* supra, 413 S.W.2d at 855. The property in question was duly dedicated as a street and became a street of the city of Everton.

■ We now discuss plaintiffs' contention that if the property became a street, the city lost it because of nonuser or abandonment. Section 228.190, RSMo 1978, provides for abandonment of certain public roads when not used for five continuous years. However, that section is not applicable to city streets. *Winschel v. County of St. Louis,* 352 S.W.2d 652, 655 (Mo.1961). A city has complete discretion and control as to the time and manner of improving a street, and the failure of any municipal officers to assert the city's right to it does not constitute an abandonment or transfer of any part of the street. *Wolf v. Miravalle,* 372 S.W.2d 28, 34 (Mo.1963). Nonuser here did not cause the abandonment of the street. See also *Willy v. Lieurance,* supra, 619 S.W.2d at 871; *Bates v. Mueller,* supra, 413 S.W.2d at 855.

Plaintiffs also contend that by city ordinance the city abandoned the street. The parts of that ordinance relevant here and on which plaintiffs rely provided:

"It is resolved that the hereinafter described street is given to the Everton Senior Citizens Housing, Inc., for the entrance to the retirement homes now planned for the City of Everton, Missouri. The street may be used by the Corporation so long as it is used for entering and leaving and is maintained by the City of Everton, Missouri."

Plaintiffs contend that by this ordinance the city made a gift of the street and the "gift to the corporation is an abuse of the public trust and proved intent to abandon the public use of street in question." Plaintiffs assert "that the moment the resolution was adopted the strip of land designated for road purposes reverted to the adjoining landowners."

Obviously the ordinance is inartfully drawn, and its meaning and intention unclear. Whatever its effect, if any, it does not show a clear intention to abandon the road. The second sentence quoted above shows that the city intended to retain control of it. One asserting abandonment of a public road must carry the burden of showing abandonment by clear and cogent proof. *Seaton v. Weir,* 633 S.W.2d 212, 214 (Mo. App.1982); *Mueller v. Pittard,* 590 S.W.2d 111, 114 (Mo.App.1979). An intention to abandon may be inferred only from strong and convincing evidence. *Wilson v. Wheeler Farms, Inc.,* 591 S.W.2d 287, 289 (Mo. App.1979). The trial court found that the ordinance "does not purport to convey title to said real estate, but merely reaffirms the City's intention that said road be a public road," and we cannot say that this finding was erroneous.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.