## CATHERINE PIERRO v. CITY OF MINNEAPOLIS.[1]

March 15, 1918.

No. 20,715.

**Adverse possession — possession of platted street by abutting owner not hostile.**

In order to prove title by adverse possession it is necessary to prove, not only possession, but hostile possession. When a street is dedicated by plat, the city may choose its own time to occupy, open and use the street, and, until it does so, possession of the street by the abutting owner who owns the fee of the street, is not regarded as hostile and the statute of limitations will not commence to run.

Action in the district court for Hennepin county to determine adverse claims to land in the possession of plaintiff. The answer alleged that in an action brought by the city of Minneapolis against the plaintiff in this action, the district court in the year 1916 rendered judgment awarding to the city possession of the land described in the complaint, together with damages for its detention, and that judgment had never been set aside, modified or reversed. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendant. From an order denying her motion for additional findings and conclusions, plaintiff appealed. Affirmed.

*Healy & La Du,* for appellant.

*James D. Shearer* and *L. B. Byard,* for respondent.

HALLAM, J.

Bottineau's Second Addition to the town of St. Anthony, now in the

[1]Reported in 166 N. W. 766.

city of Minneapolis, was platted in 1855. Between blocks 6 and 7, Warren street, later known as Twentieth avenue northeast, was dedicated to the public. This street was never actually opened to public travel. In 1878 plaintiff's husband acquired part of block 7 and plaintiff and her husband together acquired the balance of said block and all of block 6. At this time; blocks 6 and 7, together with the portion of Warren street that lay between them were inclosed as one parcel, and plaintiff and her husband occupied the whole inclosure until 1905 and cultivated the same for market garden purposes. They erected a dwelling house on block 7. In 1905 plaintiff was divorced from her husband and by the decree she was given her husband's interest in these blocks, described by reference to the plat. Plaintiff's possession thereafter continued. In 1915 the city of Minneapolis condemned blocks 6 and 7 for park purposes and compensation was made to plaintiff therefor. In the proceeding the property was described as "Block six" and "Block seven" of Bottineau's Second Addition. No mention was made of the intervening street.

Of course, the fee title to the street was always in plaintiff. If it was still a street, however, it is conceded that the description in the condemnation proceeding of blocks six (6) and seven (7) was sufficient to take the intervening street as well as the adjacent blocks particularly described. Plaintiff's contention is that, by adverse possession of her husband and herself, she has barred the public easement in Warren street and that, since Warren street is no longer a street, it is a distinct parcel of unencumbered land and did not pass by the condemnation of blocks 6 and 7.

It is evident, therefore, that if plaintiff's claim of adverse possession fails, her whole case must fail. The trial court found against her on this issue. That is, the court found that the occupation of the street by plaintiff and her husband was not adverse but was in subordination to the public right.

This ruling was right. In order to prove title by adverse possession, it is necessary to prove, not only possession, but hostile possession. It is settled law in this state that when a street is dedicated by plat, the city may choose its own time to occupy, open and use the street, and until it does so, possession of the street by the abutting owner is not regarded as

hostile and the statute of limitations will not commence to run. St. Paul & Duluth R. Co. v. City of Duluth, 73 Minn. 270, 76 N. W. 35, 43 L. R. A. 433. This is the prevailing rule. Henshaw v. Hunting, 1 Gray, 203; Town of Derby v. Alling, 40 Conn. 410; McClenehan v. Town of Jesup, 144 Iowa, 352, 120 N. W. 74; Reilly v. City of Racine, 51 Wis. 526, 8 N. W. 417. The same rule obtains as to private ways (Smyles v. Hastings, 22 N. Y. 217), and also as to occupation by a proprietor of contiguous land of property subject to a railroad company's easement of right of way. Sapp v. Northern Cent. Ry. Co. 51 Md. 115; Railroad v. French, 100 Tenn. 209, 43 S. W. 771, 66 Am. St. 752; Union Pacific Ry. Co. v. Kindred, 43 Kan. 134, 23 Pac. 112; Dulin v. Ohio River R. Co. 73 W. Va. 166, 80 S. E. 145, L. R. A. 1916B, 653, Ann. Cas. 1916D, 1183.

What the right of plaintiff might have been had she acquired complete title by adverse possession, is a question not before us and that we do not determine.

Judgment affirmed.