**DENNIS et al. v. VILLAGE OF TONKA BAY et al.**

No. 13313.

Circuit Court of Appeals, Eighth Circuit.

July 26, 1946.

F. A. Whiteley, of Minneapolis, Minn., for appellants.

Ernest Malmberg, of Minneapolis, Minn. (Malmberg & Nelson, of Minneapolis, Minn., on the brief), for appellees.

Before GARDNER and THOMAS, Circuit Judges, and DUNCAN, District Judge.

THOMAS, Circuit Judge.

This is the second appeal in this case. On the first appeal (8 cir., 151 F.2d 411) we reversed the order of the District Court sustaining a motion of the defendants to dismiss the complaint and directed that the complaint be reinstated and the case tried upon its merits. The case was thereafter tried, judgment was entered for the defendants (D.C., 64 F.Supp. 214), and the plaintiffs appeal.

The case involves the constitutional validity of a village zoning ordinance as applied to a particular parcel of land owned by the plaintiffs.

The defendant incorporated Village of Tonka Bay is situated on a relatively narrow and irregular shaped peninsula between upper and lower Lake Minnetonka in Hennepin County, Minnesota. For the most part the village consists of residential property with some scattered commercial properties.

On August 15, 1944, the village council adopted a zoning ordinance dividing the village territory into two "use districts" to be known as "residence" and "commercial" districts. Included in the "residence" district is a tract of land owned by plaintiffs, bordering on the lake. At the time the zoning ordinance was adopted the plaintiffs had planned to use their tract of land adjacent to the lake for a boat-renting station. After they learned of the adoption of the ordinance, and pursuant to one of its provisions, plaintiffs petitioned the village council for a special permit authorizing them to locate and move upon the premises "a building to be used as a dwelling place, and in connection therewith, a boat dock for the purpose of docking boats and for such other commercial uses as may be incidental thereto * * *." The petition was denied and this action was brought in the District Court.

The complaint prays that the court adjudge (1) that the zoning ordinance is unconstitutional in so far as it includes in a residential district plaintiffs' tract of land, in that it is arbitrary and unreasonable, is without due process and denies plaintiffs equal protection of the law; (2) that defendants be perpetually enjoined from enforcing the ordinance and from interfering with plaintiffs' use of their land; and (3) that the court fix the boundary line of a street adjacent to or near their land.

The trial court found and decreed that in so far as it affects plaintiffs' property the zoning ordinance involved in the case is not in conflict with the Constitution of the United States, and the complaint was dismissed. The court denied an injunction and refused to pass upon the question of the location of the boundary line between plaintiffs' property and the village street.

■ The refusal to grant an injunction was the necessary result of the holding that the zoning ordinance does not violate the Federal Constitution. The collateral issue concerning the boundary line of the street was brought into the case by an amendment to the complaint and had no relevancy to the constitutional validity of the zoning ordinance. In effect the amendment was an attempt on the part of plaintiffs to secure in the federal court a decree quieting title as against the defendant village to an allegedly abandoned street easement adjacent to plaintiffs' property on the ground of adverse possession. The court, although it did not decide the question, did point out in its opinion (64 F.Supp. at page 219) that under the statutes of Minnesota and the decisions of the Supreme Court of that state the plaintiff could not acquire any prescriptive rights in the street. Chapter 541.01, Minnesota Statutes, 1941, § 9186, Mason's Minnesota Statutes, 1927, provides that "no occupant of a public way, levee, square, or other ground dedicated or appropriated to public use shall acquire, by reason of his occupancy, any title thereto." See Parker v. City of St. Paul, 47 Minn. 317, 50 N.W. 247; Kuehn v. Village of Mahtomedi, 207 Minn. 518, 292 N.W. 187; Bennett v. Beaty, 156 Minn. 293, 194 N. W. 627; Pierro v. City of Minneapolis, 139 Minn. 394, 166 N.W. 766; 1 Am.Jur., Adverse Possession, § 104 et seq.; 2 C.J.S., Adverse Possession, § 14. Clearly the plaintiffs are not prejudiced by the ruling of the court, and they are not in a position to complain thereof on appeal.

We turn to the principal issue in the case—the question of the constitutional validity of the zoning ordinance as it affects plaintiffs' property. The plaintiffs urge that the ordinance violates the 14th Amendment in that (1) the "taking" of their property by devoting it to residential purposes exclusively does not tend to promote the health, safety, order, convenience, prosperity or general welfare of the public, because operating a boat-renting business thereon can not affect adversely any residences in the Village of Tonka Bay; and

(2) in that the ordinance is arbitrary and unreasonable and without due process of law because (a) plaintiffs' property has no value as residential property and because (b) the ordinance destroys the entire value of the property, and thereby works a grave injustice to the plaintiffs.

Section 462.01 of the Statutes of Minnesota authorizes any village in the state to pass zoning ordinances "For the purpose of promoting health, safety, order, convenience, prosperity, and general welfare * * *." Section 462.02 authorizes the governing body of any village to pass ordinances for the enforcement of such zoning ordinances or regulations. The plaintiffs concede that the zoning ordinance involved herein is authorized by the statute. The ordinance is resisted "as applied to plaintiffs' property only." The question for the federal court is, therefore, whether, when so applied, the ordinance is arbitrary and unreasonable in violation of the 14th Amendment to the Constitution.

The trial court found that "There is an absence of any satisfactory showing that the Village Council acted arbitrarily and unreasonably in the passage of the ordinance, or in any way interfered thereby with the rights of these plaintiffs without due process of law."

■ It is axiomatic that "The reasonableness of municipal ordinances or regulations is committed in the first instance to the municipal authorities." 43 C.J. p. 228. So a municipal regulation is not rendered invalid by the mere fact that private rights are subjected to restraint or that loss will result to individuals from its enforcement. State v. Houghton, 142 Minn. 28, 170 N.W. 853. See, also, State v. Houghton, 164 Minn. 146, 204 N.W. 569, 54 A.L.R. 1012.

■■ The enactment of a zoning ordinance is an exercise of the police power and is legislative in character. It is presumed that the legislative body investigated and found conditions such that the legislation which it enacted was appropriate. Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; Central Lumber Co. v. State of South Dakota, 226 U.S. 157, 33 S.Ct. 66, 57 L.Ed. 164; Otis v. Parker, 187 U.S. 606, 23 S.Ct. 168, 47 L.Ed. 323; State v. Houghton, supra. The burden of proof, therefore, is upon the party who assails the validity of such an ordinance to establish that it does not and will not "promote the safety, order, convenience, prosperity, and general welfare."

■ Applying these principles to the evidentiary facts in the record we think the finding of the court must be sustained. Plaintiffs' contention that the ordinance as applied to their property is arbitrary and unreasonable is bottomed primarily upon the assertions that the property has no value for residential purposes and that the ordinance, therefore, destroys its value entirely. While the evidence is in conflict on this issue there is substantial evidence to the effect that plaintiffs' property is useful for residential purposes. Plaintiffs' petition to the village council for a "special permit", supra, discloses that they themselves wish to move a "building to be used as a dwelling place" or residence on their property. The fact that the property is less valuable for residential purposes than as a site for the boat-renting business is not controlling. Geneva Investment Co. v. City of St. Louis, 8 Cir., 87 F.2d 83, and cases cited; Zahn v. Board of Public Works, 274 U.S. 325, 47 S.Ct. 594, 71 L. Ed. 1074. Plaintiffs' land and the lands adjoining it are all included in the same "residence" zone.

■ Plaintiffs, in support of their contention that the zoning ordinance is arbitrary, unreasonable and does not promote the public interest, argue that their property "being lakeshore property" has a character different from that of interior lots; and that the public interest would be served best by the operation of a boat-renting station thereon available to the public. The argument is without merit. Practically every commercial establishment, such as a grocery store, a laundry, or an oil station, serves in its own peculiar way some public interest. If all the lots in the village available and useful for such purposes must be excluded from a residential zone an ordinance dividing the village territory into residential and commercial

districts would be a vain and useless thing. But plaintiffs say that Lake Minnetonka is owned by the state and the taxpayers are taxed to maintain and improve it; and that for this reason the taxpayers have a special interest in the lake shores superior to the public interest represented by the village government. The legislature of Minnesota, however, has by the statutes cited, supra, delegated to the village authorities power to enact zoning ordinances and to determine in the first instance their effect upon the public welfare in general.

The facts in detail are set out in the trial court's opinion (D.C., 64 F.Supp. 214), and a discussion of the evidence would serve no useful purpose here. The property of plaintiffs is in a predominantly residential district. That the ordinance bears a rational relationship to the safety, convenience, order, prosperity, and general welfare of the community is clear from the modern authorities cited, supra. Even though the reasonableness of the ordinance were debatable it must be upheld by the court. Zahn v. Board of Public Works, supra. The court did not err, therefore, in holding that the ordinance does not violate the federal constitution.

The judgment appealed from is affirmed.