MONMOUTH JUNCTION MOBILE HOME PARK, INC., t/a MONMOUTH MOBILE HOME PARK, AND J. R. T. VILLAGE CO., INC., t/a BROOKSIDE TRAILER COURT AND GEORGE BRODSKY, FRANK BANNON, AND MURRAY NECKMAN, t/a OAKDALE MOBILE HOME VILLAGE, A PARTNERSHIP, PLAINTIFFS-APPELLANTS, v. SOUTH BRUNSWICK TOWNSHIP, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 31, 1969—Decided August 21, 1969.

22

Before Judges GAULKIN, COLLESTER and LABRECQUE.

*Mr. Leonard Adler* argued the cause for appellants.

*Mr. Andre Wm. Gruber* argued the cause for respondent.

The opinion of the court was delivered by

COLLESTER, J. A. D.   This is an appeal by plaintiffs, the owners of three mobile home parks located in South Brunswick Township, from a judgment of the Law Division upholding the validity of an ordinance adopted by defendant revising an ordinance which licensed and regulated mobile home parks.

Prior to the adoption of the amended ordinance the annual license fee for a mobile home park was $100. In addition thereto the township received personal property taxes assessed against the individual owners of the mobile homes. Effective January 1, 1968 the personal property tax was eliminated by an act of the Legislature. When plaintiffs submitted their $100 payments for the license period beginning September 1, 1967 the township did not issue the licenses.

The amendment was adopted on March 20, 1968. It increased the license fee to $500 for each park having up to 50 mobile home spaces, plus $5 for each space in excess thereof,

and required payment of an additional monthly fee based on the size of the mobile home spaces. It provided, among other things, that mobile homes should be parked on each space so that there would be at least 15 feet side-to-side spacing and 10 feet end-to-end spacing between them; that a mobile home should be at least 20 feet from an adjoining property line, 25 feet from a public street, and 15 feet from any building or structure. It required operators of existing mobile home parks to obtain a license within 30 days and provided that if a park was in violation of any of the regulations a special license rather than a regular license would be issued listing the violation thereon; that the violations should be corrected prior to January 1 of the succeeding year, and if they were not, a special license would be issued for the following year, but no new tenants or mobile homes would be allowed to occupy any space until such time as all violations were corrected. At the expiration of the second renewal of the special license the township committee was empowered to revoke or refuse to issue a license or to order any restrictions deemed appropriate, following notice to the licensee and a hearing. The ordinance also required the park owners to keep a register containing the names of its tenants or mobile home owners, the number of mobile home spaces occupied, and to deliver a copy thereof to the township clerk quarter-annually.

Plaintiffs brought an action in lieu of prerogative writs challenging the validity of the ordinance on grounds that (1) the fees charged constituted double taxation of real property and were arbitrary and excessive; (2) it unlawfully revoked prior licenses; (3) it failed to provide for a proper hearing on alleged violations; (4) it was unlawfully retrospective and resulted in the confiscation of their property; (5) it invalidly attempted to repeal an existing zoning ordinance, and (6) it violated the provisions of *N. J. S. A.* 40:52–2. The trial court held that the ordinance was valid and entered judgment in favor of defendant township. This appeal followed.

■ Plaintiffs first claim that section 7(b)(4) and section 8 (incorporating by reference the provisions of chapter IX of the State Sanitary Code relating to mobile home parks), which established spacing requirements for mobile home parks, were invalid because they conflicted with a revision of the State Code that became effective after the judgment was entered in this case, and that the revision was controlling. We do not agree. When the ordinance was adopted on March 20, 1968 the spacing requirements provided for in section 7(b)(4) and the State Code were substantially the same. When the State Code was revised, effective September 1, 1968, a "grandfather clause" relaxed the spacing requirements for existing mobile home parks and provided that they would apply only to parks constructed after the date of the revision. However, the enabling act under which the State Code was adopted, *N. J. S. A.* 26:1A–9, authorized local boards of health to adopt more restrictive regulations than those set forth in the State Code so long as they were not in conflict therewith. While the ordinance here challenged was not adopted by the local board of health, the South Brunswick township governing body had the power to adopt regulations for mobile home parks. *N. J. S. A.* 40:52–1(d), and see *Zullo v. Board of Health of Woodbridge Township,* 9 *N. J.* 431 (1952). The spacing requirements set forth in the ordinance are more restrictive and were in effect before the State Code was revised. We see no conflict with the State Code which would invalidate the spacing regulations.

■■ The park owners allege that the spacing requirements of the ordinance will reduce the number of mobile home spaces in their parks, resulting in a pecuniary loss. They argue that this provision of the ordinance is unconstitutionally retrospective because it deprives them of vested rights. We are satisfied that plaintiffs acquired no vested rights to continue the operation of their parks without compliance with the spacing requirements. Under *N. J. S. A.* 40:52–1 the business of operating mobile home parks is subject to regulation under the police power of the municipal-

ity, and ordinances adopted pursuant to such powers are valid even though they curtail or restrict the use of private property. *Gilman v. Newark,* 73 *N. J. Super.* 562, 599–600 (*Law Div.* 1962). Plaintiffs acquired no immunity from the exercise of the police power because prior to the adoption of the ordinance their parks may have been in conformity with the then applicable ordinance. *Ibid.* We hold that the ordinance is not unconstitutionally retrospective.

Plaintiffs argue that the township improperly revoked their licenses by the adoption of the amended ordinance. The evidence shows that the $100 fees called for by the preexisting ordinance were paid by plaintiffs prior to September 1, 1967. However, the township never issued the licenses due to the existence of health and safety violations in the parks as well as because it was conducting a study of proposed changes in the ordinance. Defendant held the money in escrow pending the outcome of the trial below. The trial court ordered that the money paid be credited against the license fees called for by the amended ordinance. We agree with the ruling of the trial court. Since the licenses were never issued in 1967, plaintiffs' claim that they were improperly revoked is without substance.

It is next argued that the ordinance invalidly fails to provide for a hearing upon the issuance of a special license, and the park owners must run the risk of being subject to violating the ordinance for a two-year period and are prohibited from a replacement of tenants without any redress of grievances. The spacing requirements of the ordinance are precisely spelled out. Mobile home parks are either in compliance with or in violation of such requirements, and no hearing is necessary to make such a determination. Under the special licensing provisions the licensee is required to pay the charges for spaces which are violative of the terms of the ordinance. Once the violation has been corrected the space may again be utilized. Economic coercion is an effective method of encouraging prompt remedial action by the licensee The fact that the licensee would undergo pecuniary

expense if the ordinance is enforced does not render it invalid. *Gilman v. Newark, supra,* at *p.* 585; 6 *McQuillin, Municipal Corporations,* § 20.09; *Dennis v. Village of Tonka Bay,* 156 *F. 2d* 672, 674 (8 *Cir.* 1946). The ordinance provides for a public hearing when a park owner's license is in danger of being revoked. This is sufficient to meet the requirements of a hearing provided for under *N. J. S. A.* 40:52–2.

It is contended that the monthly license fee based upon a graduated classification of mobile home spaces is invalid because (1) it is a tax on an essential part of the business for which a tax in the form of an annual license fee must also be paid, and (2) it is imposed on mobile home spaces without regard to whether they are occupied or not and therefore constitutes an invalid tax on real property, contrary to *N. J. Const., Art.* VIII, § I, *par.* 1, which requires that property be assessed for taxation under general laws and uniform rules. But this constitutional prescription does not apply to the legislative power of indirect taxation upon privileges, franchises, trades and occupations by exacting license fees for the privilege of transacting business, though such power be exercised for revenue purposes. *Johnson v. Borough of Asbury Park,* 58 *N. J. L.* 604, 608 (*Sup. Ct.* 1895). Thus, an ordinance licensing and regulating trailer campsites and imposing a license fee of $200 a year and $1 a week per trailer for revenue purposes has been held valid. *Edwards v. Mayor, etc., of Moonachie,* 3 *N. J.* 17 (1949). Moreover, the fact that some of the fees imposed under the ordinance in the instant case are graduated on a square-foot basis of a mobile home space does not *per se* render it illegal. *Belleville Chamber of Commerce v. Town of Belleville,* 51 *N. J.* 153, 157 (1968). And a blanket fee against each trailer space in a trailer park has been upheld in the absence of proof that the fee was unreasonable or confiscatory. *Michaels v. Pemberton Tp. Committee,* 3 *N. J. Super.* 523, 527 (*Law Div.* 1949). The power to license and regulate under the police power, and the power to raise revenue under the general power to tax, may be "unitedly

exercised." *Bellington v. East Windsor Tp.,* 17 *N. J.* 558, 565 (1955). We hold that the monthly fees imposed on the mobile home spaces are valid and that the imposition thereof does not constitute double taxation of real property.

Plaintiffs also complain that the license fees imposed under the ordinance do not bear a reasonable relationship to the additional impact, if any, upon the township, and that the revenue from the licenses will be improperly used to defray the general costs of government. The primary purpose of the Legislature in enacting *N. J. S. A.* 40:52–1 and 40:52–2 was to authorize municipalities to license and regulate, as police measures for the public health, safety, morals or welfare, the local business described in the statute, and only incidentally to impose upon the businesses thus licensed and regulated license fees for revenue which may, within reasonable limits, exceed the regulatory costs. *Salomon v. Jersey City,* 12 *N. J.* 379, 390 (1958). The amount of the license fee imposed rests in the sound discretion of the governing body, and judicial interposition is not warranted unless the tax is prohibitory and unreasonable. There is a presumption that the fee is reasonable in amount, and the burden rests upon the challenger to overthrow the presumption. The inquiry is whether the exaction of the license fee bears a reasonable relation to the value of the privilege conferred. *Edwards v. Mayor, etc., of Moonachie, supra,* at *p.* 26.

In *Bellington v. East Windsor Tp., supra,* a trailer camp licensing case, the court said:

"The *quantum* of the fee of necessity depends upon the nature and circumstances of the regulated category. The tax concept may be expressed in terms of the duty of the sharers of the benefits of government to bear its burdens equitably and justly. Trailer camps are peopled in great part by transients who use and enjoy the community's services and facilities without sharing the cost; and the inclusion in the license fee of a tax designed in some measure to equalize the common burden is within the statutory tax for revenue as an incident of the police regulatory power. (at *p.* 567)

In the instant case most of the testimony during the trial was directed to the question of whether the license fees imposed bore a reasonable relationship to the municipal expenses relating to the mobile home parks. We deem it unnecessary to detail herein the evidence presented by the parties. The trial court found that the revenue realized from the license fees imposed on the mobile home parks was reasonably related to the municipal expense associated with the parks, and that such fees were not confiscatory. We have carefully examined the record and conclude that plaintiffs failed to sustain the burden of proving that the license fees were unreasonable and confiscatory. We concur in the findings of the trial court.

Plaintiffs also argue that the spacing requirements of the ordinance invalidly repeal a zoning ordinance adopted by the township in 1967. We do not agree. The zoning ordinance provides that all plans for the *expansion* of existing mobile home parks shall require the same width, depth and area as set forth in the present ordinance, and that such plans shall include plans for the phasing out of nonconforming uses. Regulatory and zoning ordinances are both applications of police power. *Howell Tp. v. Sagorodny,* 46 *N. J. Super.* 182, 192 (*App. Div.* 1957), affirmed 25 *N. J.* 502 (1958). Their functions are interrelated and must be construed in harmony with each other. *Napierkowski v. Gloucester Tp.,* 29 *N. J.* 481, 485 (1959). Here the zoning ordinance is concerned with the future expansion of mobile home parks and the eventual elimination of substandard spaces. The licensing ordinance is concerned with the regulation of existing parks to bring current uses up to specified minimum standards. We conclude that the two ordinances are not in conflict and that the licensing ordinance does not repeal the zoning ordinance.

Finally, plaintiffs contend that the special licensing provisions of the ordinance are unreasonable and that the registration requirements placed upon them deprive them of equal protection of the laws. We disagree. The special

license provisions give plaintiffs ample opportunity to correct violations of the ordinance without fear of revocation. The registration requirements are a reasonable method to enforce the special licensing provisions of the ordinance.

The judgment is affirmed.