MAYOR AND TOWNSHIP COMMITTEE OF SOUTH BRUNS-WICK TOWNSHIP AND SOUTH BRUNSWICK TOWN-SHIP, A MUNICIPAL CORPORATION OF NEW JERSEY, PLAINTIFFS-RESPONDENTS, v. ALPHONSO COVINO AND VERA COVINO, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted June 8, 1976—Decided June 17, 1976.

494

Before Judges LYNCH, LARNER and HORN.

*Messrs. Pincus & Gordon,* attorneys for defendants-appellants.

*Messrs. Seiffert, Frisch, Gruber & Cafferty,* attorneys for plaintiffs-respondents.

The opinion of the court was delivered by

LARNER, J. A. D. This litigation was instituted in 1968 seeking a mandatory injunction to enforce a municipal ordinance which requires an owner to undertake various protective steps in connection with a nonoperating mine. Apparently, efforts to settle the litigation proved futile and the matter finally went to trial in August 1975.

During the pendency of this litigation, namely in 1973, the Mine Safety Act, which deals with safety standards for mines and supervision and inspection by the mine safety section of the Department of Labor and Industry, was amended in several respects. *L.* 1973, *c.* 257; *N. J. S. A.* 34:6–98.3—98.14. Among the amendments pertinent to the issue herein are provisions for protective measures deemed necessary in connection with abandoned mines.

At the trial below, the municipality established undisputed operative facts which warrant a finding that defendants, as owners of property on which there was an abandoned mine, had violated the provisions of the applicable ordinance. Defendants' sole defense below and on appeal is focused upon the contention that the State has preempted the field of safety regulation in connection with active and abandoned mines and that as a consequence the local ordinance is no longer valid or enforceable. The trial judge disagreed with this contention and accordingly entered judgment for plaintiffs.

The issue of preemption as it relates to the Mine Safety Act was determined contrary to appellants' position in *Cranberry Lake Quarry Co. v. Johnson*, 95 *N. J. Super.* 495, 508 (App. Div. 1967). Although that case was decided before the 1973 amendments, we discern no significant reason why the analysis and holding of the earlier opinion of this court are no longer viable. See *Dock Watch Hollow Quarry Pit, Inc. v. Warren Tp.*, 142 *N. J. Super.* 103 (App. Div. 1976).

As Judge Conford pointed out, *N. J. S. A.* 34:6–98.10,[1] which remains without amendment, implicitly recognizes the power of municipalities to adopt local legislation in the field so long as that legislation does not conflict with the State standards established by the statute or the commissioner's rules and regulations. He stated:

This last limitation lends strength to the conclusion that municipal legislation regulating quarrying is not *per se* invalid where it seeks to protect the general public rather than mining employees, and adjacent properties rather than the quarry itself. See *Dallenbach Sand Co. v. Mayor, etc., So. Brunswick Tp.*, 90 *N. J. Super.* 218 (App. Div. 1966). Moreover, it indicates that local legislation, although incidentally affecting mining employees and property, is valid so long as it does not contradict or impair the standards fixed by or under the state law treating of the subject. Thus, this ordinance, which appropriately purports to regulate dust and noise for the general public benefit, and provide for public protection is not invalid merely because it also subserves the safety of mine workers. [95 *N. J. Super.* at 509]

The legislative amendments relating to abandoned mines do not expressly or impliedly reflect an intent to preempt the legislative field so as to divest the municipality from exercising its police power to protect the general public and surrounding properties. Although the same subject matter is involved, nevertheless the Mine Safety Act within the jurisdiction of the Department of Labor is primarily addressed to the safety of employees engaged in the mining industry. The local legislation, on the other hand, contains provisions which are couched to protect the general public from accidental injuries and to preserve the safe and aesthe-

---

[1] *N. J. S. A.* 34:6–98.10:

No municipality or other governmental subdivision shall have the power to make any ordinance, by-law or resolution providing for safety to workers in the mining industry or providing for protection of property that does not comply with the standards herein established by this act, and the rules and regulations promulgated by the commissioner hereunder. Nothing in this act shall, however, limit the right of any municipality or other governmental subdivision to make inspections of mining operations.

tic condition of the affected property and surrounding lands. In view of these different goals and purposes, there is no barrier to local legislation on the subject.

■ ■ In order for preemption to apply, the legislative intent to occupy the field must appear clearly. *Kennedy v. Newark,* 29 *N. J.* 178, 187 (1959). "The ultimate question is whether, upon a survey of all the interests involved in the subject, it can be said with confidence that the Legislature intended to immobilize the municipalities from dealing with local aspects otherwise within their power to act." *Summer v. Teaneck,* 53 *N. J.* 548, 554–555 (1969). See also, *Chester Tp. v. Panicucci,* 62 *N. J.* 94 (1974); *Inganamort v. Fort Lee,* 62 *N. J.* 521 (1973); *Mogolefsky v. Schoem,* 50 *N. J.* 588, 598 (1957); Note, "Conflicts Between State Statutes and Municipal Ordinances," 72 *Harv. L. Rev.* 737, 744–747 (1959).

■ The municipality, within the ambit of its police power, has the right to legislate for the benefit and protection of its residents and property owners. *N. J. S. A.* 40: 48–2. Since there is no conflict with the state legislation, the additional safety requirements of the local ordinance represent a valid exercise of the municipal power. See *Ostroff v. Camden Bd. of Com'rs,* 7 *N. J. Super.* 245 (App. Div.), certif. den. 5 *N. J.* 348 (1950). *Southern Ocean Land Fill, Inc. v. Ocean Tp.,* 64 *N. J.* 190 (1974), cited by appellants is not to the contrary, for it relates to a local ordinance which was in direct conflict with the overall state legislation by which the State preempted the field of solid waste management.

Judgment is affirmed.