**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2756-19

MARK WILLIAMS,

     Plaintiff-Appellant,

v.

CITY OF ASBURY PARK,
a Municipal Corporation of
the State of New Jersey,

     Defendant-Respondent.

_____

          Submitted January 13, 2021 – Decided March 15, 2021

          Before Judges Whipple, Rose and Firko.

          On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2148-19.

          Mark Williams, appellant pro se.

          Ansell Grimm & Aaron, PC, attorneys for respondent (Barry M. Capp, of counsel and on the brief).

PER CURIAM

In January 2018, the Asbury Park City Council adopted a short-term-rental ordinance (STR Ordinance), which the voters approved in the November 2017 election. In 2019, the council adopted an amended STR Ordinance, after revising the initial STR Ordinance. Plaintiff challenged the ordinance as irregularly enacted. We affirm.

The STR Ordinance permits short-term rentals of thirty or fewer consecutive days,

> up to a cumulative total period of not to exceed one hundred eighty (180) days in a calendar year, which dwelling unit is regularly used and kept open as such for the lodging of guests, and which is advertised or held out to the public as a place regularly rented to transient occupants . . . .

The STR Ordinance classifies property where short-term rentals are permitted, and it lists dwellings where they are forbidden (such as "foster homes, adult family care homes, assisted living facilities . . ."; "individually or collectively owned single-family residential dwelling unit[s], which address none of the owners legally identifies as his or her principal residence"; and "[a] unit in a two-family residential dwelling, where the other unit is not occupied by the owner nor legally identified by the owner as his or her principal residence;" among others). The ordinance also requires permits and certificates of occupancy.

2

Plaintiff, a resident of Asbury Park (the city), filed a complaint June 17, 2019, alleging the city improperly adopted the STR Ordinance, and sought relief under the Uniform Declaratory Judgment Act, N.J.S.A. 2A:16-50 to -62,[1] asserting that short-term rentals were prohibited prior to the STR Ordinance; the ordinance itself created a new permitted use; and in enacting the STR Ordinance, the city conducted zoning within the definition of the New Jersey Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -136. Plaintiff alleged the STR Ordinance created a new use that conflicts with the city's existing zoning ordinances, thereby implicating the MLUL and its mandatory procedures. Plaintiff also argued the ordinance impacted and will continue to impact him and others through frequent noise pollution and an aggravated dearth of on-street parking caused by tenants.

In lieu of filing an answer, the city moved to dismiss for failure to state a claim under Rule 4:6-2(e). The court heard argument from the parties on the city's motion to dismiss and on January 31, 2020, granted defendant's motion to dismiss. The trial court upheld a presumption of validity for adopted ordinances, citing Timber Glen Phase III, LLC v. Township of Hamilton, 441 N.J. Super. 514 (App. Div. 2015) and found the ordinance necessary and proper for the good

---

[1] Two counts of the complaint pleading prerogative writ claims were withdrawn.

A-2756-19

and welfare of local inhabitants, properly enacted under the city's police power, pursuant to N.J.S.A. 40:48-1 and -2. This appeal followed.

We review the trial court's decision on a motion to dismiss applying a plenary standard of review, and "owe no deference to the trial court's conclusions." Gonzalez v. State Apportionment Comm'n, 428 N.J. Super. 333, 349 (App. Div. 2012) (citing Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)). The trial court's determination is reviewed de novo, and the "legal consequences that flow from established facts are not entitled to any special deference." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The test is, as set forth in Rule 4:37-2(b), "if, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied." Dolson v. Anastasia, 55 N.J. 2, 5 (1969) (citing Bozza v. Vornado, Inc., 42 N.J. 355, 357-58 (1964); Bell v. Eastern Beef Co., 42 N.J. 126, 129 (1964); Franklin Discount Co. v. Ford, 27 N.J. 473, 490 (1958)).

4

"[A]ll municipal ordinances [are] entitled to a presumption of validity." Sparroween, LLC v. Twp. of West Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017) (citing Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015)); see also First Peoples Bank of N.J. v. Twp. of Medford, 126 N.J. 413, 418 (1991) ("[A] reviewing court should presume the validity and reasonableness of [a] municipal ordinance.").

A party challenging that ordinance may overcome the presumption of validity by demonstrating that the ordinance, "in whole or in application to any particular property," is "arbitrary, capricious or unreasonable." Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 289-90 (2001) (citing Bow & Arrow Manor, Inc. v. Town of West Orange, 63 N.J. 335, 343 (1973)).

Plaintiff does not argue that the STR Ordinance is arbitrary, capricious or unreasonable, but asserts the STR Ordinance is a zoning ordinance under the MLUL. The crux of his argument is that if the ordinance is a zoning ordinance subject to the MLUL, then the ordinance was improperly adopted by the city and is therefore void. We are not persuaded.

We are asked to address whether regulating short-term rentals should be considered a land-use restriction, or a restriction on the form and ownership of property. If the regulation is a land-use restriction, it is evaluated under the

MLUL. If the regulation is a restriction on form and ownership that does not implicate zoning, it is an exercise of the police power. Therefore, to determine the validity of the ordinance, we examine whether the ordinance is properly evaluated as a zoning ordinance, under the MLUL or an exercise of the municipality's police power, under N.J.S.A. 40:48-1 and -2.

N.J.S.A. 40:55D-62(a) defines zoning:

> The governing body may adopt or amend a zoning ordinance relating to the nature and extent of the uses of land and of buildings and structures thereon. Such ordinance shall be adopted after the planning board has adopted the land use plan element and the housing plan element of a master plan, and all of the provisions of such zoning ordinance or any amendment or revision thereto shall either be substantially consistent with the land use plan element and the housing plan element of the master plan or designed to effectuate such plan elements; provided that the governing body may adopt a zoning ordinance or amendment or revision thereto which in whole or part is inconsistent with or not designed to effectuate the land use plan element and the housing plan element, but only by affirmative vote of a majority of the full authorized membership of the governing body, with the reasons of the governing body for so acting set forth in a resolution and recorded in its minutes when adopting such a zoning ordinance; and provided further that, notwithstanding anything aforesaid, the governing body may adopt an interim zoning ordinance pursuant to subsection b. of section 77 of P.L.1975, c. 291 (C.40:55D-90).
>
> The zoning ordinance shall be drawn with reasonable consideration to the character of each district and its

peculiar suitability for particular uses and to encourage the most appropriate use of land. The regulations in the zoning ordinance shall be uniform throughout each district for each class or kind of buildings or other structure or uses of land, including planned unit development, planned unit residential development and cluster development, but the regulations in one district may differ from those in other districts.

Although there is a separate constitutional provision regarding zoning, N.J. Const. art. IV, § 6, ¶ 2, it is not a source of power separate from the police power. N.J. Shore Builders Ass'n v. Twp. of Jackson, 199 N.J. 38, 53 (2009). Restrictions on ordinary incidents of ownership are not constitutionally offensive when reasonable in degree and considered necessary by the governing body to promote physically harmonious growth of land use in a municipality. Gougeon v. Bd. of Adjustment of Borough of Stone Harbor, 52 N.J. 212 (1968).

We clarified that under N.J.S.A. 40:55D-1: "many ordinances, including health ordinances, touch on the use of land, but are not within the planning and zoning concerns of the [MLUL]; such ordinances are enacted pursuant to the general police power and apply to everyone." Sparroween, 452 N.J. Super. at 339 (citing Jackson, 199 N.J. at 53-54).

In Jackson, the Supreme Court rejected a challenge to a municipality's police power; the township's tree removal ordinance was found to be a valid exercise of the police power, not subject to limits of the MLUL. 199 N.J. at 38.

7

The Court applied a "rational basis" test to decide the validity of an ordinance that was enacted pursuant to the police power. Id. at 43. The Court stressed that "[t]he lower courts erred in failing to accord deference to the presumption of validity of the ordinance and by too narrowly characterizing the goals underlying it." Ibid. Because the city's ordinance maintains a presumption of validity, plaintiff here has not met the high bar of rebutting that the STR Ordinance has no rational relationship to the municipality's stated goal of preventing injury to the health, safety, and welfare of the community.

In Shipyard Associates, LP v. City of Hoboken, 242 N.J. 23 (2020), discussing development and construction in certain zones near water, the relevant ordinance specified floor heights for buildings and was put forth as an ordinance exempt from the MLUL because it implicated construction in areas deemed to be flood hazards. Id. at 31, 42. There, the Supreme Court decided that Hoboken's ordinance was "unmistakably a 'planning or zoning initiative'" because "its provisions set specific standards, methods, and uses governing construction. . . ." Id. at 42 (quoting Jackson, 199 N.J. at 54) (emphasis added). The Court distinguished ordinances such as those at issue in Jackson, for planting trees, and Sparroween, for smoking as "subject matter," as different from zoning ordinances that "place limits on where or how one could build."

Ibid.  The linchpin for the Court's analysis was "not only how the municipality characterizes the ordinance, but also how the ordinance functions in practice." Id. at 41.  The intent of the MLUL is to govern how construction, building, land use and zoning may proceed.  A municipality does not necessarily implicate the MLUL when it regulates the "subject matter" of ownership, such as with the STR Ordinance.

Here, the trial court decided that the city did not need to adopt the STR Ordinance through the MLUL or zoning ordinances but was permitted to adopt the STR Ordinance under the police power ordinance.

N.J.S.A. 40:48-2 provides the authority to municipalities to pass ordinances pursuant to their police power:

> Any municipality may make, amend, repeal and enforce such other ordinances, regulations, rules and by-laws not contrary to the laws of this State or of the United States, as it may deem necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed by this subtitle, or by any law.

N.J.S.A. 40:48-2.12a also provides:

> The governing body of any municipality may make, amend, repeal and enforce ordinances to regulate buildings and structures and their use and occupation to

> prevent and abate conditions therein harmful to the health and safety of the occupants of said buildings and structures and the general public in the municipality.

"Home rule is basic in our government. It embodies the principle that the police power of the State may be invested in local government to enable local government to discharge its role as an arm or agency of the State and to meet other needs of the community." Inganamort v. Borough of Fort Lee, 62 N.J. 521, 528 (1973) (citing Bergen County v. Port of N.Y. Auth., 32 N.J. 303, 312-14 (1960)).

"Regulatory and zoning ordinances are both applications of police power. Their functions . . . must be construed in harmony with each other." Monmouth Junction Mobile Home Park, Inc. v. South Brunswick Township, 107 N.J. Super. 18, 28 (App. Div. 1969) (citing Howell Township v. Sagorodny, 46 N.J. Super. 182, 192 (App. Div. 1957), and Napierkowski v. Gloucester Township, 29 N.J. 481, 485 (1959)).

N.J.S.A. 40:48-2, which authorizes the municipality to make ordinances for order and protection of persons and property, and for preservation of public health, safety, and welfare of the municipality and its inhabitants, is an express delegation of police power to a municipality; this express delegation "is buttressed by the constitutional provision that 'any law concerning municipal

A-2756-19

corporations . . . shall be liberally construed in their favor.'" Quick Chek Food Stores v. Springfield Twp., 83 N.J. 438, 447 (1980) (citing N.J. Const. art. IV, § 7, ¶ 11; Hudson Circle Servicenter, Inc. v. Town of Kearny, 70 N.J. 289 (1976); Divan Builders, Inc. v. Planning Bd. of Twp. of Wayne, 66 N.J. 582, 595 (1975)).

The city's police power "is subject to constitutional limitation that it be not unreasonable, arbitrary, or capricious, and that the means selected by the legislative body shall have real and substantial relation to object sought to be attained." 515 Assocs. v. City of Newark, 132 N.J. 180, 185 (1993) (citing Bonito v. Bloomfield Twp., 197 N.J. Super. 390, 398 (Law. Div. 1984)).

Plaintiff has not alleged any unreasonable, arbitrary, or capricious limitation that might suggest an unconstitutional abuse of the municipality's police power and offers no compelling argument that the ordinance involves what may be built and to what standards.

The general grant defining a municipality's police power is found at N.J.S.A. 40:48-2. "Ordinarily, pursuant to N.J.S.A. 40:48-2, a municipality may exercise its police powers to 'legislate for the protection of its residents and property owners,' and such regulation will not be preempted absent a clear legislative intention." McGovern v. Borough of Harvey Cedars, 401 N.J. Super.

11

136, 149 (App. Div. 2008) (citing South Brunswick Township v. Covino, 142 N.J. Super. 493, 498 (App. Div. 1976)).

As expressed in N.J.S.A. 40:48-2 and -2.12a, the Legislature empowered municipalities to regulate local housing conditions and rents under the police power. We can find no clear legislative intention to preempt the municipality's ability to enact measures such as the STR Ordinance under the police power. For example, in Dome Realty, Inc. v. City of Paterson, 83 N.J. 212 (1980), the municipality enacted an ordinance that required compliance with a housing code that delineated standards of habitability. The Court in Dome Realty stressed the need for "local solutions to the varying public problems which confront municipalities." Id. at 226. The Court also stated that the Legislature's general grant of enforcement authority under N.J.S.A. 40:48-2.12a "is sufficiently broad to encompass a scheme prohibiting the rental of housing that does not conform to minimum requirements for 'health and safety.'" Id. at 230 (quoting N.J.S.A. 40:48-2.12a).

Article 13:1300.1 of Ordinance 2019-16 outlines the objectives of the STR Ordinance.

> The Asbury Park City Council finds and declares that the short-term rental of limited residential dwelling units within the [c]ity benefits the local community by affording owners of such units the ability to garner

additional income . . . as well as providing travelers with an alternative option for accommodations in the [c]ity, thereby promoting the local travel and tourism industry, and contributing to the economic vitality of the [c]ity. Notwithstanding those benefits, the City Council also finds and declares that certain transitory uses of residential property tend to affect the residential character of the community and, if unregulated, can be injurious to the health, safety and welfare of the community.

Thus, the intent of the City Council is in sync with the goals and purposes of the police power. The STR Ordinance provides a roadmap for which residential properties can offer short-term rentals and does not rezone or change permitted uses of land. The presumption of validity weighs heavily in the municipality's favor. In sum, the substance and merit of the controversy herein did not necessitate declaratory judgment in plaintiff's favor.

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2756-19